IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel T. Whatley, II, <br><br>         Plaintiff, <br>    v. <br><br> City of Charleston, *et al.*, <br><br>         Defendants. | C/A: 2:22-cv-3582-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 23) of the Magistrate Judge recommending that the Court dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint.

I.  **Background and Relevant Facts**

*Pro se* Plaintiff Samuel T. Whatley bring this complaint against, inter alia, Charleston Police Department alleging violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by mandating "unapproved experimental gene therapy as a condition of employment" and "failing to hire Plaintiff due to [those] unlawful conditions of employment." (Dkt. No. 23 at 3).

On May 2, 2024, the Magistrate Judge filed an R&R recommending that this action be dismissed in its entirety without leave to amend. (Dkt. No. 23).

Plaintiff filed objections to the R&R. (Dkt. No. 25).

II. **Legal Standards**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

### III.    Discussion

After a review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly found that this action must be dismissed in its entirety. (Dkt. No. 23 at 5-7) (explaining that Plaintiff had failed to allege plausibly that his application for employment with the Charleston Police Department was denied because of membership in a protected class but rather denied because Plaintiff "did not show up for the required physical agility test"); (*Id.* at 6-7) (noting Plaintiff "does not deny that he missed CPD's mandatory physical agility test" and further noting that Plaintiff does not allege he ever submitted an official request for exemption to the challenged vaccine policy or otherwise challenged the vaccination mandate during the hiring process).

Plaintiff filed objections to the R&R. (Dkt. No. 25). After a careful review of said objections, however, the Court overrules them. Plaintiff does not substantively contest the dispositive reasoning articulated in the R&R. *See* (Dkt. No. 23 at 5-7). Instead, Plaintiff argues in broad terms that "edicts are not law" and that "the court . . . in this proceeding [is] not lawmakers [sic] and that their interpretation of the laws in this country are not always following due process." (Dkt. No. at 25 at 2). Such vague "objections" do not constitute cogent legal argument or, more importantly, provide a valid argument disputing the Magistrate Judge's conclusion that Plaintiff has failed to plausibly allege he was not hired by Charleston Police Department because of his membership in a protected class.

### IV.    Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 23) as the Order of the Court and **DISMISSES** the instant action without further leave to amend.

**AND IT IS SO ORDERED.**

Richard Mark Gergel<br>United States District Judge

May 29, 2024
Charleston, South Carolina